1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4           v.                              25 Cr. 179 (LTS)
5  NOMMA ZARUBINA,
6              Defendant.                   Arraignment
7  ------------------------------x
8                                           New York, N.Y.
                                            April 30, 2025
9                                           11:35 a.m.
10
   Before:
11
                HON. LAURA TAYLOR SWAIN,
12
                                        Chief District Judge
13
14                        APPEARANCES
15
   JAY CLAYTON
16      United States Attorney for the
        Southern District of New York
17 HENRY L. ROSS
        Assistant United States Attorney
18
   FEDERAL DEFENDERS OF NEW YORK, INC.
19      Attorneys for Defendant
   KRISTOFF I. WILLIAMS
20
21
22
23
24
25

1        (Case called)
2        THE COURT:  Again, good morning.
3        Counsel, would you please introduce yourselves.
4        MR. ROSS:  Good morning, your Honor.
5        Henry Ross, for the government.
6        THE COURT:  Good morning, Mr. Ross.
7        MR. WILLIAMS:  Good morning, your Honor.
8        Kristoff Williams, for Ms. Zarubina, who is present.
9        THE COURT:  Good morning, Mr. Williams; and good
10   morning, Ms. Zarubina.
11        THE DEFENDANT:  Good morning.
12        THE COURT:  And so we are here for arraignment and
13   initial conference, as I understand; is that correct, counsel?
14        MR. ROSS:  That's correct.
15        THE COURT:  Thank you.
16        First, before we go to the arraignment, I have to
17   provide some important information in accordance with Rule 5(f)
18   of the Federal Rules of Criminal Procedure.  That rule requires
19   the Court to remind the parties orally and in writing of the
20   prosecution's obligations under the Supreme Court's 1963 *Brady*
21   *v. Maryland* decision and the cases that have built upon that
22   decision, and of the possible consequences of violating those
23   obligations.
24        I hereby direct the government to comply with its
25   obligations under *Brady v. Maryland* and its progeny to disclose

1  to the defense all information, were admissible or not, that is
2  favorable to the defendant, material either to guilt or to
3  punishment, and known to the government. Possible consequences
4  for noncompliance may include dismissal of individual charges
5  or the entire case, exclusion of evidence, and professional
6  discipline or court sanctions on the attorneys responsible.
7       I will enter a written order more fully describing
8  this obligation and the consequences of failing to meet it.
9  And I direct the government to review and comply with that
10 order.
11      Mr. Ross, do you understand these obligations and
12 confirm that the government has fulfilled or will fulfill them?
13      MR. ROSS: Yes, your Honor, as to both questions.
14      THE COURT: Thank you.
15      And so now it is time for the arraignment.
16      Is it Ms. Zarubina or Ms. Zarubina?
17      THE DEFENDANT: Zarubina, please.
18      THE COURT: Ms. Zarubina, would you please stand, and
19 Mr. Williams as well.
20      Mr. Williams, have you seen a copy of the indictment?
21      MR. WILLIAMS: I have, your Honor.
22      THE COURT: And have you discussed it with
23 Ms. Zarubina?
24      MR. WILLIAMS: Yes.
25      THE COURT: Ms. Zarubina, would you please state your

4
P4UVZARA

1  full name and your age.

2  THE DEFENDANT: My full name is Nomma, and last name
3  Zarubina. I'm 34.

4  THE COURT: Have you read the indictment? That's the
5  document with the number 25 Crim. 179 at the top that sets out
6  the charges against you.

7  THE DEFENDANT: Yes, I have read.

8  THE COURT: And have you discussed it with your
9  attorney?

10  THE DEFENDANT: Yes. Correct.

11  THE COURT: Do you understand the charges against you?

12  THE DEFENDANT: I do.

13  THE COURT: I will read the indictment out loud to you
14  now in full if you would like me to. Would you like me to read
15  it in its entirety out loud to you now in court?

16  THE DEFENDANT: No, your Honor.

17  THE COURT: The record will reflect that the defendant
18  has waived the public reading of the indictment.

19  I'm going to ask you some questions that summarize the
20  charges.

21  First, do you understand that Count One charges you
22  with making false statements, in violation of Title 18 of the
23  United States Code, Section 1001(a)(2), by knowingly and
24  willfully making materially false, fictitious, and fraudulent
25  statements and representations during an interview with FBI

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   special agents on or about April 20th, 2021?

2   THE DEFENDANT: Yes, I do.

3   THE COURT: And how do you plead to that charge, not
4   guilty or guilty?

5   THE DEFENDANT: Not guilty.

6   THE COURT: Do you understand that Count Two charges
7   you with making false statements, in violation of Title 18,
8   Section 1001(a)(2), by knowingly and willfully making
9   materially false, fictitious, and fraudulent statements and
10  representations during an interview with FBI special agents on
11  or about September 20th, 2023?

12  THE DEFENDANT: Yes, I do.

13  THE COURT: And how do you plead to that charge, not
14  guilty or guilty?

15  THE DEFENDANT: Not guilty.

16  THE COURT: Do you understand that Count Three charges
17  you under Title 18 of the United States Code, Section 371, with
18  participating in a conspiracy to violate the Mann Act, which is
19  Title 18, Section 2024 -- sorry, Section 2421(a), by knowingly
20  combining, conspiring, confederating, and agreeing with others
21  to transport, and transporting and attempting to transport,
22  individuals to engage in prostitution between New York and New
23  Jersey from at least in or around 2018, through at least in or
24  around 2024?

25  THE DEFENDANT: Yes, I do.

1  THE COURT: And how do you plead to Count Three,
2  guilty or not guilty?
3  THE DEFENDANT: Not guilty.
4  THE COURT: Do you understand that Count Four charges
5  you with -- under Title 18, Section 371, with conspiracy to
6  violate the Travel Act, which is Title 18, United States Code,
7  Section 1952(a)(3)(A), by willfully and knowingly combining,
8  conspiring, confederating, and agreeing with others to commit
9  an offense in violation of that act, namely, knowingly
10 traveling in and using interstate commerce to promote, manage,
11 establish, carry on and facilitate the promotion, management,
12 establishment, and carrying on of prostitution offenses, in
13 violation of federal and New Jersey law, from at least in or
14 around 2018, through at least in or around 2024?
15 THE DEFENDANT: Yes, I do.
16 THE COURT: And how do you plead to that charge,
17 guilty or not guilty?
18 THE DEFENDANT: Not guilty.
19 THE COURT: Do you understand that Count Five charges
20 you with committing naturalization fraud, in violation of Title
21 18 of the United States Code, Section 1015, by willfully and
22 knowingly making false statements under oath in a case,
23 proceeding, and matter relating to and under and by virtue of a
24 law of the United States relating to naturalization,
25 citizenship, and registry of aliens, on or about July 11th,

1   2022?

2   THE DEFENDANT:  Yes, I do.

3   THE COURT:  And how do you plead to that charge, not
4   guilty or guilty?

5   THE DEFENDANT:  Not guilty.

6   THE COURT:  Thank you.  You can be seated.

7   Mr. Ross, would you give us a status report, please.

8   MR. ROSS:  Yes, your Honor.

9   So just by way of background, the defendant was
10  arrested on November 21st, 2024, presented that day and
11  released on conditions.  There were two 30-day continuances
12  entered in magistrate's court, and the defendant was
13  subsequently indicted on April 21st.

14  The government is preparing to produce discovery.  I'm
15  happy to run through an overview of what that looks like.

16  THE COURT:  Please do.

17  MR. ROSS:  So the discovery in this case will include
18  FBI reports documenting interviews with the defendant,
19  surveillance of the defendant and certain other law enforcement
20  activities, the contents of the defendant's cell phone, cell
21  phone location data and pen register data, license plate reader
22  data, the defendant's travel records, search warrant
23  affidavits, communications between the defendant and the FBI
24  via text messages, certain documents obtained by law
25  enforcement during the course of a related investigation, which

1  the government is currently reviewing for potentially
2  discoverable material, East Brunswick Police Department records
3  relating to a purported massage parlor in New Jersey in which
4  defendant is alleged in Counts Three and Four to have procured
5  women for prostitution, immigration records relating to the
6  defendant, including the July 2022 citizenship application on
7  which the defendant made certain false statements charged in
8  the indictment, and a recording of the defendant's recent
9  post-arrest statement.
10         THE COURT:  I think that covers everything I would
11 normally follow up and ask you about.
12         Do you expect that there will be any unusual security
13 issues or SIPA issues in connection with this case?
14         MR. ROSS:  I don't, your Honor.  I do anticipate
15 submitting a protective order which will propose certain
16 restrictions as to certain categories of discovery in terms of
17 what can be disclosed and to whom.  So there are some
18 sensitivities along those lines in this case, but nothing along
19 the lines of what your Honor just mentioned.
20         THE COURT:  Thank you.
21         And have -- let's see.  Are there any identifiable
22 victims or victim notification issues here?
23         MR. ROSS:  I don't believe so, your Honor.  I'll speak
24 with the rest of the prosecution team and we'll make sure that
25 to the extent the FBI or our office considers anyone involved a

1    victim, such as potentially sex workers at the massage parlor,

2    we'll make sure that we comply with our obligations in terms of

3    notification and consultation.

4            THE COURT:  Very good.

5            And let's see.  What is the government's position as

6    to speedy trial computations, starting today or starting some

7    other time?

8            MR. ROSS:  So, your Honor, I think the government's

9    position is that the clock would start today.  We'll be seeking

10   an exclusion of time to permit the government to produce

11   discovery and for the defendant to review it.

12           THE COURT:  And so I'll circle back to you and ask you

13   about that once we set some dates.

14           And have you and Mr. Williams talked about the amount

15   of time that will be -- oh, let's see.  You talked about

16   discovery you are going to produce.  So when do you propose to

17   produce it?  And I'm assuming that you'll be producing on a

18   rolling basis?

19           MR. ROSS:  That's right, your Honor.  But I think we

20   can make a substantial production within 30 days.

21           THE COURT:  All right.

22           And have you and Mr. Williams talked about how much

23   time will be needed for the defense to review the discovery and

24   for it to make sense for us to come back together and talk

25   further about scheduling and progress in the case?

|   |   |
|---|---|
| 1 | MR. ROSS: We haven't actually conferred and don't |
| 2 | have a joint proposal. I'm happy to speak with the defense or |
| 3 | happy to let Mr. Williams get his thoughts in that regard. |
| 4 | THE COURT: Well, why don't you two confer for a |
| 5 | second and then I'll hear from Mr. Williams. |
| 6 | (Counsel conferred) |
| 7 | MR. WILLIAMS: Thank you, your Honor. |
| 8 | We are going to propose end of July or mid August. |
| 9 | THE COURT: I think end of July is probably a better |
| 10 | time frame for -- from the perspective of the Court. |
| 11 | Ms. Ng, what do we have? |
| 12 | THE DEFENDANT: Can you repeat please? |
| 13 | THE DEPUTY CLERK: Tuesday, July 29, 2025 at 12 noon. |
| 14 | THE COURT: Is everybody available on July 29th at |
| 15 | noon? |
| 16 | MR. WILLIAMS: Yes. |
| 17 | MR. ROSS: Yes, your Honor. |
| 18 | THE COURT: Very good. We'll have the next conference |
| 19 | on that date. And at that point we'll see if we are in a |
| 20 | position to discuss motion deadlines and other appropriate |
| 21 | scheduling. |
| 22 | Now, Mr. Ross, is there an application for exclusion |
| 23 | from speedy trial computations of the time from now until |
| 24 | July 29th? |
| 25 | MR. ROSS: Yes, your Honor. The government believes |

1  that that exclusion would be justified in the interest of
2  justice pursuant to Section 3161(h)(7)(A).
3           THE COURT:  And for the reasons that you alluded to
4  earlier?
5           MR. ROSS:  Yes, to allow the government time to
6  produce discovery, for the defense to review discovery, and to
7  consider any pretrial motions.
8           THE COURT:  Thank you.
9           Any objection?
10          MR. WILLIAMS:  No objections.
11          THE COURT:  The application is granted.
12          I find for the reasons summarized by Mr. Ross that the
13  ends of justice served by the granting of an exclusion from
14  speedy trial computations for the period from today's date
15  through July 29th, 2025, outweigh the best interests of the
16  public and the defendant in a speedy trial.  Accordingly, the
17  time period is excluded prospectively.
18          Is there anything further that we need to take up
19  together this morning?
20          MR. ROSS:  Not from the government.
21          Thank you, your Honor.
22          MR. WILLIAMS:  No, your Honor.  Thank you.
23          THE COURT:  Okay.  Thank you.  We are adjourned.
24          Stay safe and keep well, everyone.
25                            *    *    *