

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 25, 2025

**BY ECF**
The Honorable Laura Taylor Swain
United States District Judge, Chief
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Nomma Zarubina*, 25 Cr. 179 (LTS)

Dear Chief Judge Swain:

    The Government respectfully submits this letter pursuant to the Court's Order, dated August 20, 2025 (Dkt. No. 33), in opposition to the defendant's request to travel to Texas. Pretrial Services does not object to the defendant's request (Dkt. No. 32). The defendant is currently on pretrial supervised release and is not allowed to travel outside of the Southern and Eastern Districts of New York (the "Permissible Districts") without the Court's and Pretrial Services' permission. Based on the Government's ongoing investigation, however, we believe that the defendant has traveled outside the Permissible Districts without the permission of Pretrial Services or the Court, including on multiple occasions as recently as late July 2025.[1] The Government is also unaware of any legitimate reason why the defendant would be traveling to Texas; she has no known family or other connections there. Accordingly, the Government objects to the defendant's request to travel to Texas.

                                                    JAY CLAYTON
                                                  United States Attorney

                             by:  _____/s/_____
                                     Sarah L. Kushner / David J. Robles / Henry Ross
                                     Assistant United States Attorneys
                                     (212) 637-2676

---

[1] The Government is also concerned that the defendant continues to harass Case Agent-1, albeit indirectly. As background, since November 2024, the defendant, pursuant to a Court-imposed pretrial release condition, has been required to refrain from contacting any victims in this case. The defendant, however, violated that condition by repeatedly contacting Case Agent-1. (*See* Dkt. No. 28). In light of those violations, on or about July 22, 2025, the Court imposed an additional condition explicitly prohibiting the defendant from contacting Case Agent-1. (Dkt. No. 30). While the defendant has technically abided by that condition, she has continued to attack Case Agent-1 publicly. For example, on or about August 16, 2025, the defendant published on Facebook a post referring to a "titled investigator," which the Government believes is a reference to Case Agent-1.