

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

September 17, 2025

**BY ECF**
The Honorable Laura Taylor Swain
United States District Judge, Chief
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    ***United States v. Nomma Zarubina*, 25 Cr. 179 (LTS)**

Dear Chief Judge Swain:

      The Government respectfully submits this letter to inform the Court of the defendant's most recent violation of the terms of her pretrial release and to request revocation of the defendant's bail. Specifically, on or about September 13, 2025, the defendant sent scores of harassing text messages to Case Agent-1, in violation of the Court's bail conditions prohibiting the defendant not only from contacting any potential victims or witnesses in this case but also from specifically contacting any of the Case Agents, including Case Agent-1.[1] (*See* Dkt. Nos. 4, 5, 30). Given the defendant's repeated violations of the Court's orders, the Court should revoke the defendant's bail and order detention.

### I.     Background

      As the Court is aware, since the defendant's arrest in this case on or about November 21, 2024, the defendant has been on pretrial supervision, and prohibited from contacting any potential victims or witnesses in this case, which would include the Case Agents. (*See* Dkt. Nos. 4, 5, 30.) In the first half of 2025, the defendant violated that condition numerous times, including by sending many back-to-back text messages to Case Agent-1. (*See* Dkt. No. 28). In light of that conduct, on or about July 22, 2025, the Court issued an order (the "July Order") modifying the defendant's bail conditions to include an explicit prohibition on any contact with the Case Agents. (Dkt. No. 30). As described in more detail below, on September 13, 2025, the defendant chose to violate the July Order and the conditions of her pretrial release by repeatedly contacting Case Agent-1.

      The defendant's bail conditions also prohibit her from traveling outside of the Southern or Eastern Districts of New York without advance permission from Pretrial Services or the Court.

---

[1] The terms "Case Agents" and "Case Agent-1" are defined in the Government's letter, dated July 21, 2025. (*See* Dkt. No. 28).

Thus, on or about August 19, 2025, the defendant filed a letter with the Court requesting permission to travel with her daughter to Texas from September 12 through September 16, 2025. (Dkt. No. 32). The Government opposed that request. (Dkt. No. 34). On or about August 28, 2025, the Court granted the defendant's travel request. (Dkt. No. 35). On or about September 12, 2025, the defendant traveled to Texas. As of September 17, 2025, the defendant was back in New York.

## II.    **The Recent Violation**

On or about September 13, 2025, while in Texas, the defendant sent approximately 50 unsolicited, back-to-back text messages to Case Agent-1, referring to Case Agent-1 as "[m]y love" and "a piece of shit." Screenshots of just some of those messages are shown below, including a photograph of the defendant holding a large glass of red wine, followed by messages, which roughly translated, read: "How do you like it?"; "I'm so tired"; "I'm sick of everything."[2] A complete copy of the defendant's September 13 messages to Case Agent-1 are attached as Exhibit A.[3]

---

[2] The Government has redacted from these screenshots and from Exhibit A the defendant's cellphone number and any references to Case Agent-1 and third parties.

[3] Exhibit A includes time stamps, which are in Eastern Daylight Time.



The defendant sent these messages in the very early morning hours of September 13, demanding that Case Agent-1 "[w]ake up" and "[c]all [] the court." These messages are clear violations of the defendant's original bail conditions and of the Court's July Order expressly prohibiting contact with the Case Agents (*see* Dkt. No. 30), and a continuation of the defendant's efforts to harass and intimidate Case Agent-1, a potential victim and witness in this case.

### III. The Defendant's Repeated Violations of Bail Conditions Warrant Pretrial Detention

The Government takes very seriously the defendant's repeated violations of the Court's bail conditions prohibiting contact with potential victims and witnesses. These violations now warrant revocation of the defendant's bail.

A.  <u>Legal Standard</u>

Under the Bail Reform Act, the Court shall order the pretrial release of a defendant unless the Court "determines that such release will not reasonably assure the appearance of the [defendant] as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  In "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must consider: (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).  If the Court finds that detention is not warranted, it must set conditions that are "the least restrictive" to reasonably assure the appearance of the defendant as required and the safety of the community.  18 U.S.C. § 3142(c)(1)(B).

Bail conditions, however, are not set in stone.  Pursuant to Title 18, United States Code, Section 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of [her] release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).  Section 3148 further provides that the Court "shall enter an order of revocation and detention if, after a hearing," the Court:

> (1) "finds there is—(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release"; and
>
> (2) "finds that—(A) based on the factors set forth in section 3142(g) . . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release."

18 U.S.C. § 3148(b)(1) and (b)(2).  "If there is probable cause to believe that while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2).

B.  <u>Discussion</u>

Here, the Court would be well within its discretion to revoke the defendant's release and issue an order of detention.  First, there is clear and convincing evidence that the defendant has repeatedly violated the conditions of her pretrial release prohibiting her from contacting any potential witnesses or victims in this case based on the text messages described above and attached as Exhibit A, as well as those described in the Government's July 21, 2025 letter (Dkt. No. 28).  Second, the defendant's most recent violative conduct demonstrates that she is "unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).  Indeed, in July, after the Government brought the defendant's initial violations to the Court's attention, the Court issued the July Order expressly prohibiting contact with the Case Agents (*see* Dkt. No. 30).  The

fact that the defendant chose to violate the Court's July Order less than two months after it was issued, resuming her improper, unilateral contacts with Case Agent-1, shows that the defendant has no qualms about continuing to flout her bail conditions. For these reasons alone, revocation of the defendant's pretrial release is warranted under section 3148(b)(1)(B) and (b)(2)(B). *See United States v. Marcial*, No. 22 Cr. 208 (AT), 2022 WL 5110601, at *4 (S.D.N.Y. Oct. 4, 2022) (affirming magistrate judge's revocation of pretrial release and detention order based in part on the defendant's "repeated[] . . . violations in the five months since his release").

Revocation may also be warranted under section 3148(b)(1)(B) and (b)(2)(A) because the defendant's efforts to harass and intimidate Case Agent-1—a potential witness and victim in this case—coupled with the other factors set forth in section 3142(g), including the nature and circumstances of the offenses charged and the history and characteristics of the defendant, strongly suggest that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of Case Agent-1 or any other person or the community. *See United States v. LaFontaine*, 210 F.3d 125, 133-34 (2d Cir. 2000) (upholding district court's bail revocation based in part on its finding that the defendant attempted to influence a witness, noting that "pretrial detention was even more justified in cases of violations related to the trial process (such as witness tampering [or witness intimidation]) than in cases where the defendant's past criminality was said to support a finding of general dangerousness"). In fact, pretrial detention may be necessary to assure the safety of Case Agent-1 and others in the community, including other potential victims or witnesses. The alternatives—keeping the defendant on pretrial release but barring her from using any electronic devices or placing the defendant on home detention—are insufficient. The former would prevent Pretrial Services from effectively monitoring the defendant and the latter will not prevent the defendant from using electronic devices or other means to contact and harass Case Agent-1, or other potential victims and witnesses in this case. *See LaFontaine*, 210 F.3d at 135 (affirming district court's finding that "conditions of home confinement, electronic monitoring, phone tap, and relocation to Florida, would not assure her future compliance with the court order not to contact any witness").[4]

---

[4] Detention may also be appropriate under section 3148(b)(1)(A) and (b)(2)(A) to the extent the Court finds probable cause to believe that the defendant's unrelenting harassing communications to Case Agent-1 constitute stalking, in violation of Title 18, United States Code, Section 2261A, a federal felony. *See United States v. Dennis*, 132 F.4th 214, 221 (2d Cir. 2025) (affirming two counts of conviction of cyberstalking, in violation of Section 2261A, "committed by sending repeated abusive electronic communications" to victims); *United States v. Bartok*, 472 F. App'x 25, 29 (2d Cir. 2012) ("the presumption [of dangerousness under section 3148(b)] may be triggered by a probable cause finding as to a defendant's commission of *any* felony, regardless of whether the felony itself involves violence, threats, or other indicia of dangerousness").

Accordingly, for the reasons set forth above, the Court should revoke the defendant's bail and issue an order of detention.

JAY CLAYTON
United States Attorney

by: _____/s/_____

Sarah L. Kushner / David J. Robles / Henry Ross
Assistant United States Attorneys
(212) 637-2676