# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 22, 2025

**BY ECF**

The Honorable Laura T. Swain
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   **United States v. Nomma Zarubina**
      **25-CR-179 (LTS)**

Dear Judge Swain:

Nomma Zarubina, through undersigned counsel, respectfully writes in opposition to the government's motion to revoke Mr. Zarubina's pretrial release. The Bail Reform Act, 18 U.S.C. § 3142, created a statutory presumption favoring pretrial release for the majority of federal defendants. Hence, the expectation under the Bail Reform Act is that a defendant shall be released on bail unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. Here, the government has not met its burden of showing that Ms. Zarubina is a flight risk or a danger to the community. Nor has the government shown that Ms. Zarubina's recent alleged violation of pretrial release is irremediable. Accordingly, the Court should deny the government's motion to revoke Mr. Zarubina's release.

### I.   Background

Prior to her arrest in this case, Ms. Zarubina voluntarily met with FBI agents and the government on multiple occasions over the course of three-plus years. The FBI sought her help with an investigation into Russian affairs, and when they called or texted Ms. Zarubina to meet, she would answer, and vice versa. Indeed, over the course of those three-plus years, Ms. Zarubina and the FBI established a pattern of direct communication, including direct communication with the FBI agent (hereinafter, "Case Agent 1") referenced in the government's motion. This all changed, however, once the FBI obtained everything they needed from her, and once she was arrested in this case on November 21, 2024 in connection with two alleged false statements that she made over the course of those three-plus years of meeting with the FBI.

At Ms. Zarubina's presentment, the government agreed to a bail package, signaling to the Court that they did not believe she posed a significant risk of flight or danger to the community.

In fact, the agreed upon bail package contained quite minimal conditions:

1) $25K Bond Signed by One FRP
2) Travel Restricted to SDNY/EDNY
3) Surrender Travel Documents and No New Applications
4) Seek Employment
5) Pretrial Supervision as Directed
6) No Possession of Firearms or Dangerous Weapons
7) No Contact with Witnesses in Case or Foreign Government Officials

*See* Dkt. 5.  Importantly, since being released, Ms. Zarubina has attended all her court dates and, on three different occasions, has obtained permission from pretrial services and the Court to travel out of state.  There have been no reported issues with Ms. Zarubina's out-of-state travel.

Earlier this year, the government began reporting that Ms. Zarubina was sending unsolicited text messages to Case Agent 1, whom she had previously been in direct communication with during her previous three-plus years of meeting with the FBI.  In light of that conduct, the Court issued an Order on July 22, 2025 modifying the conditions of Ms. Zarubina's pretrial release, explicitly prohibiting her from having any contact with the FBI agents on this case.  The Court also ordered that Ms. Zarubina undergo a mental health evaluation.  It is undersigned counsel's understanding that Ms. Zarubina underwent that evaluation soon after the Court imposed this condition, and is currently enrolled in weekly counseling sessions.

Since the Court modified Ms. Zarubina's pretrial release conditions on July 22, 2025, it appears that she has largely refrained from directly contacting Case Agent 1.  However, on September 13, 2025, the government reports that Ms. Zarubina sent approximately 50 unsolicited text messages to Case Agent 1 in the early morning hours of the day.  On this basis, the government now moves to revoke Ms. Zarubina's pretrial release.  Outside of the unsolicited text messages, there have been no other reported violations of Ms. Zarubina's pretrial release.

## II.    Law and Analysis

In enacting the Bail Reform Act, 18 U.S.C. § 3142, Congress recognized "the traditional presumption favoring pretrial release for the majority of Federal defendants."  *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986).  Indeed, under the statute, a defendant shall be released on their own recognizance or unsecured bond, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the judicial officer determines that release on the defendant's own recognizance or unsecured bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall still order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any person and the community."  18 U.S.C. § 3142(c)(1)(B).

A defendant's release can be revoked for violating the conditions of their release. Specifically, under 18 U.S.C. § 3148(b), a judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer:

(1) Finds that there is –

    A. Probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    B. Clear and convincing evidence that the person has violated any other condition of release; and

(2) Finds that –

    A. Based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    B. The person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). With that said, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." *Id.*

Here, the defense does not dispute that Ms. Zarubina violated the conditions of her release by sending unsolicited text messages to Case Agent 1 on September 13, 2025.[1] However, this violation does not warrant the revocation of Ms. Zarubina's pretrial release because there are other conditions that could be imposed to address this behavior short of pretrial detention.

With Ms. Zarubina's permission, undersigned counsel can share that Ms. Zarubina's unsolicited text messages to Case Agent 1 are largely a byproduct of her being intoxicated and texting the agent while drunk. This is supported by the incoherent nature of the text messages and the time of day in which they are sent. Ms. Zarubina has disclosed that the stress of her case, and the resulting media coverage, has led her to cope through drinking. It thus appears that Ms. Zarubina would benefit from alcohol treatment.

---

[1] The government, in a footnote, suggests that Ms. Zarubina's unsolicited text messages to Case Agent 1 could separately constitute the federal crime of stalking, in violation of 18 U.S.C. § 2261A. This argument, however, is without weight. Indeed, to constitute the crime of stalking, the Court would need to find that Ms. Zarubina used an electronic communication system to send messages with the intent to harass the FBI agent, and further, that such messages caused or attempted to cause the FBI agent substantial emotional distress. *See* 18 U.S.C. § 2261A(2). The government will not be able to make either showing.

Accordingly, instead of revoking Ms. Zarubina's pretrial release, as the government suggests, the Court should impose a condition requiring Ms. Zarubina to undergo treatment for substance abuse. The facility where she currently attends her weekly counseling sessions notably offers substance use treatment as well. Such a condition would help address the root cause of Ms. Zarubina's unsolicited text messages to Case Agent 1. Moreover, such a condition would, consistent with the mandate in 18 U.S.C. § 3142, constitute the least restrictive combination of conditions of release. Finally, such a condition is worth attempting in lieu of pretrial detention given that Ms. Zarubina is the sole parent consistently available to care for her minor daughter. Indeed, her daughter's non-biological father is a truck driver who is regularly on the road.

Importantly, the government, in requesting that Ms. Zarubina's pretrial release be revoked, is not arguing that Ms. Zarubina poses a risk of flight. In fact, they could not make such an argument given that she has appeared at all court proceedings, has remained in contact with her pretrial services officer, and has traveled out of state with the Court's permission on multiple occasions without issue. Furthermore, the government has not presented convincing evidence that Ms. Zarubina poses a danger to any person or the community. To the contrary, the only allegation here is that she sends unsolicited, non-threatening text messages to Case Agent 1. This is not a random individual, but instead, the point of contact Ms. Zarubina had been directly communicating with at various times throughout the three-plus years she was meeting with the FBI. While Ms. Zarubina's text messages may certainly be an annoyance to Case Agent 1 -- which could be remedied by the agent blocking her number -- these messages do not suggest that she poses a danger to him.

### III. Conclusion

For all of the reasons stated herein, Ms. Zarubina respectfully asks the Court to deny the government's motion to revoke her pretrial release, and instead impose an additional condition of release requiring Ms. Zarubina to undergo substance abuse treatment to address her struggles with alcohol.

Respectfully Submitted,
/s/
Kristoff I. Williams
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8791