

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 7, 2025

**BY ECF**

The Honorable Laura Taylor Swain
United States District Judge, Chief
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Nomma Zarubina*, 25 Cr. 179 (LTS)

Dear Chief Judge Swain:

The Government respectfully submits this letter to request a classified *ex parte* conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, in order for the Government to update the Court with respect to any anticipated CIPA practice in this matter, including the Government's review of classified material in preparation for any potential CIPA proceedings and material that will be the subject of an anticipated *ex parte* motion pursuant to CIPA Section 4.  The Government understands from the Classified Information Security Officer ("CISO") that November 14, 2025 is convenient for the Court's calendar to hold such a conference.

This letter further provides, by way of background, a summary of CIPA's statutory framework as it pertains to pretrial filings and classified proceedings.

<u>Overview of the CIPA Statutory Framework</u>

CIPA governs the discovery of classified information in federal criminal cases.  *See United States v. Abu-Jihaad,* 630 F.3d 102, 140-41 (2d Cir. 2010).  Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information, while simultaneously complying with its discovery obligations in federal criminal prosecutions.  *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296; *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (stating that CIPA's fundamental purpose is to "'harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest.'" (quoting *United States v. Wilson*, 571 F. Supp. 1422, 1426 (S.D.N.Y. 1983) (Weinfeld, J.)); *see also, e.g.*, *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (noting that CIPA "evidence[s] Congress's intent to prevent classified information from unnecessary disclosure at any stage of a criminal trial," while simultaneously ensuring that a defendant's right to present a defense is not compromised).

CIPA does not alter the defendant's substantive rights or the Government's discovery obligations.  *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) (collecting cases).  Rather, CIPA creates a procedural framework that permits the Court to rule, before trial,

on questions related to classified materials. This framework helps to prevent unnecessary or inadvertent disclosure of classified information, and it allows the Government to assess the national security "costs" associated with pursuing a certain course in its criminal prosecution. *See, e.g., Anderson*, 872 F.2d at 1514; *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983); *United States v. Lopez-Lima*, 738 F. Supp. 1404, 1407 (S.D. Fla. 1990).

An overview of some of CIPA's provisions follows:

Section 2: Pretrial Conference

Section 2 of CIPA provides that the Court may hold a conference at any time after an indictment has been filed to consider matters relating to classified information. *See* 18 U.S.C. app. 3 § 2. Such conferences may be held *ex parte*. For example, conferences that concern materials subject to a motion by the Government pursuant to CIPA Section 4 are routinely held *ex parte*, and the Court or defense counsel may request an *ex parte* hearing pursuant to CIPA Section 2 to discuss the defense's theory of the case or other matters that may inform the Court's consideration of the Governments Section 4 motion. *See, e.g., United States v. Hernandez*, 15 Cr. 379 (PKC), 2023 WL 8804958, at *1 (S.D.N.Y. Dec. 20, 2023); *United States v. Saipov*, 17 Cr. 722 (VSB), 2019 WL 5558214, at *2 (S.D.N.Y. Oct. 29, 2019); *United States v. Schulte*, 17 Cr. 548 (PAC) (JMF), 2019 WL 3764662, at *2 (S.D.N.Y. July 22, 2019); *United States v. Ho*, 17 Cr. 779 (LAP), 2018 WL 6082514, at *3 (S.D.N.Y. Nov. 21, 2018); *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006).

Section 3: General Protective Order

Section 3 of CIPA provides for an appropriate protective order to be entered to protect against the unauthorized dissemination of classified information disclosed to the defense in connection with the prosecution. *See* 18 U.S.C. app. 3 § 3.

Section 4: Discovery and Protective Orders

Section 4 of CIPA outlines the procedures to be followed when the Government seeks to limit the information it is providing to the defense in the context of the discovery process. Among its provisions, CIPA authorizes a court to deny or modify discovery of classified information that ordinarily would be produced pursuant to Federal Rule of Criminal Procedure 16 or otherwise. Specifically, Section 4 of CIPA provides that "upon a sufficient showing," a court may "authorize the United States to delete specified items of classified information from [discovery], . . . to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. 3 § 4. This provision "clarifies district courts' powers under Rule 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *United States v. Stewart*, 590 F.3d 93, 130 (2d Cir. 2009) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 16(d)(1) (district courts may "for good cause, deny . . . discovery or inspection, or grant other appropriate relief"). Moreover, the mechanism by which the Government may seek authorization to delete or substitute classified material is through a written, *ex parte* motion. 18 U.S.C. app. 3 § 4 ("The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire

text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.").

The Second Circuit has explained that, in analyzing a Section 4 motion, a district court should engage in a three-stage analysis. *See United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008). First, the Court must determine whether the classified information at issue is discoverable. *See id.* at 80. Second, the Court should assess whether the Government has properly invoked the need to protect against the disclosure of classified information, which the Second Circuit determined is sourced in the common-law privilege against the disclosure of state secrets. *See id.* at 78. The Court explained that the state secrets "privilege 'allows the government to withhold information from discovery when disclosure would be inimical to national security.'" *Id.* at 78-79 (quoting *Zuckerbraum v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991)). That privilege, the *Aref* court observed, can only be invoked by the "head of the department which has control over the matter, after actual personal consideration by that officer." *Id.* at 80 (internal citations and quotation marks omitted). As a consequence, in cases in this Circuit, such as this one, involving the equities of the Department of Justice in classified information, any such claim of privilege must personally be asserted by the Attorney General, typically in the form of a declaration.

The third stage in the above-described analysis is the Court's determination of whether, if it has been invoked, the Government's common-law privilege must give way. *See id.* at 80. This includes consideration of whether the classified material that the Government proposes to delete from discovery (or to produce in summary form) is both "relevant and helpful" to the defense. *See id.* at 79-80. The "relevant and helpful" standard was first articulated by the Supreme Court in *United States v. Roviaro*, 353 U.S. 53 (1957), a case that concerned the privilege that permits the Government, in certain circumstances, to withhold the identity of its informants.

Section 5: Notice from the Defendant

Pursuant to Section 5 of CIPA, a defendant who reasonably expects to disclose (or cause the disclosure of) classified information at any stage of a prosecution is required to file notice of such intention. *See* 18 U.S.C. app. 3 § 5(a). Such information might include classified information that the defense has learned through the discovery process, or classified information that is known to the defendant himself. The Section 5 notice must "include a brief description of the classified information," *id.*, and "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Collins*, 720 F.2d at 1199.

If the defendant fails to provide a sufficiently detailed notice sufficiently in advance of trial to permit the implementation of CIPA procedures, Section 5(b) provides for preclusion. *See United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if the defense attempts to disclose at trial classified information which is not described in their Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of the statute. *See United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

Section 6: Hearings and Substitutions

If and when the defense gives Section 5 notice of intention to disclose (or cause the disclosure of) classified information, the Government may request the Court to conduct a hearing

to make determinations as to the use, relevance, or admissibility of the classified information at trial or a pretrial proceeding, pursuant to the Federal Rules of Evidence. 18 U.S.C. app. § 6(a). Section 6 also requires that the Court hold any such hearing *in camera* "if the Attorney General certifies to the Court in such petition that a public proceeding may result in the disclosure of classified information." *Id.* At the hearing, the defense proffers why the classified information that they seek to disclose is relevant, while the Government is given an opportunity to challenge the request on various grounds—including, for example, the materiality and admissibility of the proposed information. *See, e.g.*, *United States v. Cardoen*, 898 F. Supp. 1563, 1581 (S.D. Fla. 1995); *United States v. Rezaq*, 899 F. Supp. 697, 704 (D.D.C. 1995).

If the Court grants a defendant's request to disclose classified information, the Government may then seek Court approval for alternative means of disclosure—including an unclassified statement admitting the facts contained in the classified materials, or an unclassified summary of the facts contained in the classified materials. *See* 18 U.S.C. app. 3 § 6(c)(l). CIPA directs that the Court shall grant such an application from the Government if the Court "finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." *Id.*

If the classified information cannot be disclosed in a manner that provides the "defendant with substantially the same ability to make his defense" as would disclosure of the classified information, 18 U.S.C. app. 3 § 6(c), and the Government is unwilling to disclose such information, then the Court may take appropriate action, including making a finding against the Government on any issue as to which the classified information is probative, striking testimony, barring the use of certain testimony, or even dismissing the indictment. 18 U.S.C. app. 3 § 6(e).

Section 7: Interlocutory Appeals

CIPA Section 7 gives the Government the right to pursue an interlocutory appeal of an adverse CIPA decision. *See* 18 U.S.C. app. 3 § 7.

\* \* \*

Accordingly, the Government respectfully requests that the Court hold a classified, *ex parte* conference pursuant to Section 2 of CIPA on November 14, 2025, following the currently scheduled pretrial conference in this case.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s/
Sarah L. Kushner
David J. Robles
Henry L. Ross
Assistant United States Attorneys
(212) 637-2676 / -2550 / -2442

cc: Counsel of record (by ECF)