

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 20, 2025

**BY ECF**
The Honorable Laura Taylor Swain
United States District Judge, Chief
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Nomma Zarubina*, 25 Cr. 179 (LTS)

Dear Chief Judge Swain:

  The Government respectfully submits this letter to inform the Court that defendant has once again violated her bail conditions and to request the immediate revocation of her bail and remand pending trial.

  Yesterday morning, the defendant called and sent approximately 65 messages to Case Agent-1,[1] a potential witness and victim in this case, in violation of the express bail conditions prohibiting her from contacting potential witnesses, victims, and case agents, including Case Agent-1. The defendant also admitted to being drunk while sending the messages, in violation of the requirement that the defendant not consume alcohol—a condition imposed by the Court just two months ago in providing the defendant what the Court called the defendant's "final chance." In addition, there is also probable cause to believe that the defendant's conduct violated (i) the federal witness tampering statute, 18 U.S.C. § 1512, and (ii) the federal cyberstalking statute, 18 U.S.C. § 2261A.

  For the reasons set forth below, the defendant's repeated misconduct demonstrates that there are no conditions of release that will reasonably ensure the safety of the community. Accordingly, the defendant should be detained pending trial. The Government further understands that Pretrial Services is also requesting the defendant's remand, based on the conduct described below and on a series of text messages that the defendant also sent to her Pretrial Services Officer yesterday.

---

[1] The term "Case Agent-1" and other defined terms in this letter are defined in the Government's prior letters, dated July 21, 2025, and September 17, 2025. (*See* Dkt. Nos. 28, 36).

I.   **Relevant Background**

As the Court is aware from prior submissions and proceedings in this case, since March 2025, the defendant has continually harassed Case Agent-1. That harassment has included posting on social media, sending long chains of unsolicited, sometimes threatening, messages to Case Agent-1, and an attempt to approach Case Agent-1 in-person on the street. (*See* Dkt. Nos. 28, 36). And the defendant's conduct has persisted—and in some respects, escalated—despite repeated warnings and admonitions from the Government, Pretrial Services, and the Court.

On July 22, 2025, in response to the defendant's misconduct between March and July 2025, the Court modified the defendant's bail conditions to include an explicit prohibition on any contact with the Case Agents. (Dkt. No. 30). At a conference on July 31, 2025, the Court explained its reasoning for the modification:

> I have . . . reminded Ms. Zarubina of her legal obligations in terms of the conditions of pretrial supervision, which include not under any circumstances, directly or indirectly, contacting the FBI agents or reaching out through social media or posting things that are expected to reach or influence agents or witnesses in this case, in light of the federal laws against witness harassment and intimidation and obstruction of proceedings in these criminal cases that could be the basis of potential additional charges and penalties, and nobody should want to be risking that.
>
> So, that is a very important thing, and it was the reason why I entered that additional condition making that very clear for Ms. Zarubina's protection, so that she didn't inadvertently do anything that could make her situation worse, and for the protection of this case, because it's my responsibility as a judge to make sure that this case can proceed in a way that is fair, that is just, where everyone is heard properly and the evidence is not tainted in any way. So, those are really important points.

(July 31, 2025 Tr. at 22-23).

Despite the Court's clear admonition, the defendant soon resumed her inappropriate and illegal communications with Case Agent-1. On September 13, 2025, she sent approximately 50 unsolicited, back-to-back text messages to Case Agent-1, including demands that Case Agent-1 "[w]ake up" and "[c]all [] the court." (*See* Dkt. No. 36). Following that incident, the Government sought revocation of the defendant's bail. (*Id.*).

On September 26, 2025, the Court held a bail hearing. At the hearing, the defendant made a statement to the Court in which she attributed her recent bail violations to drinking alcohol and "promise[d]" the Court that she would not send any more text messages to Case Agent-1. (Sept. 26, 2025 Tr. at 23). The Court found that the defendant "very clearly violated a very important condition of her release," which was "in place in order to protect individuals who may be witnesses, and also to protect the community by protecting the integrity of this case." (*Id.* at 25). The Court permitted the defendant to remain out on bail and modified her bail conditions to include

participation in alcohol treatment and a prohibition on alcohol use. (*Id.* at 26). The Court then stated: "This really is a final chance." (*Id.*). The Court further advised the defendant that, if she failed to comply with the no-contact bail condition, the Court may detain her, "even if it means separating [the defendant] from [her] daughter and from the ability to communicate with [her] parents." (*Id.* at 26-27). At the close of the proceeding, the defendant told the Court: "[T]hank you for the last chance. I hope you will be proud of me because I will not violate that." (*Id.* at 28). And the defendant promised the Court that she understood "absolutely" and agreed "absolutely" with everything the Court had said in modifying her conditions of release. (*Id.*)

## II. The Defendant's November 19, 2025 Text Messages to Case Agent-1

Despite knowing that she was on her "final chance" to comply with the bail conditions ordered by the Court, on November 19, 2025, beginning at approximately 9:30 a.m., the defendant sent the below series of unsolicited messages to Case Agent-1, stating that she was drunk and telling Case Agent-1 that she did not "care about [her] trial" and that they "need to do something," and asking if Case Agent-1 "really want[s] [her] deportation." Then, at approximately 10:00 a.m., the defendant called Case Agent-1, who did not answer the call. She then resumed sending messages to Case Agent-1, asking, "You gonna report???"; asserting that "[his] discovery"—an apparent reference to the Rule 16 discovery produced to the defense in this case—was "[f]ull of mistakes"; calling Case Agent-1 and other unnamed Government personnel "idiots." The defendant also referred to the "attention" that Maria Butina, a Russian national previously convicted of conspiring to act as an agent of the Russian Federation in the United States, had received in the United States.[2]



---

[2] *See, e.g.*, https://www.justice.gov/archives/opa/pr/russian-national-sentenced-18-months-prison-conspiring-act-agent-russian-federation-within.

The defendant then continued sending harassing messages to Case Agent-1, ultimately telling Case Agent-1 that she was "waiting" and calling Case Agent-1 a "[b]itch":



Finally, and perhaps most troublingly, the defendant inquired about Case Agent-1's potential participation or attendance at the defendant's trial, asking: "[a]re you going to be on trial? Trial …. Us?"

### III.  Discussion

The Bail Reform Act requires that the defendant be detained based on her unrelenting harassment of Case Agent-1.

#### A.  Applicable Law

Section 3148(b) requires the Court to "enter an order of revocation and detention if, after a hearing," the Court finds that two conditions have been met. *First*, the Court must find either that there is "probable cause" that the defendant has committed a federal, state, or local crime while released on bail, *or* that there is "clear and convincing evidence" that the defendant has violated any other condition of her release.  18 U.S.C. § 3148(b)(1)(A)-(B); *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000).  *Second*, the Court must find by a preponderance of the evidence either: (i) based on the factors set forth in 18 U.S.C. § 3142(g) that "there is no condition or combination of conditions of release that will assure" that the defendant will not flee or pose a danger to the community; *or* that the defendant "is unlikely to abide by any condition or

combination of conditions of release." 18 U.S.C. § 3148(b)(2)(A)-(B); *see, e.g.*, *United States v. Gotti*, 794 F.2d 773, 777-78 (2d Cir. 1986) (preponderance standard applies to Section 3148(b)(2)).

Where, as here, there is probable cause to believe that the defendant has committed a felony while released on bail, then "a rebuttable presumption" arises that no combination of conditions will assure that the defendant "will not pose a danger" to the community. *LaFontaine*, 210 F.3d at 130 (citing § 3148(b)(2)). And even where a defendant produces some rebuttal evidence, the presumption "does not disappear," but "continues to be weighed along with other factors." *Id.*

> B. The Defendant Violated Her Bail Conditions and There is Probable Cause to Believe That She Committed Witness Tampering and Cyberstalking

As to the first Section 3148(b)(1) prong, there is ample evidence that the defendant violated her bail conditions. Despite multiple Court orders prohibiting the defendant from contacting Case Agent-1 and drinking alcohol, and the Court's express warning to the defendant at the September 26 bail hearing that the Court would give her a "final chance" before considering her potential remand, the defendant chose to once again engage in a pattern of troubling and harassing communication aimed at Case Agent-1. As described above, those messages included, among others, telling Case Agent-1 that she was drunk, calling Case Agent-1 a "bitch," and inquiring about Case Agent-1's potential attendance or testimony at trial. Moreover, as noted above, the Government understands that the defendant also sent several text messages to her Pretrial Services Officer that form part of the basis of Pretrial's request that the Court revoke the defendant's bail, including a message confirming that she had contacted Case Agent-1. The defendant's repeated outreach to Case Agent-1 by text message, and her attempt to call Case Agent-1, is clear and convincing evidence that she has once again violated her bail conditions.

In addition to clearly violating her bail conditions, there is also probable cause to believe that the defendant committed federal crimes while on pretrial release, which serves as an independent basis for revoking her bail. *See* 18 U.S.C. § 3148; *see, e.g.*, *Gotti*, 794 F.2d at 777 ("[P]robable cause under section 3148(b)(1)(A) requires only that the facts available to the judicial officer 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." (citation omitted)); *LaFontaine*, 210 F.3d at 133 ("Probable cause under § 3148(b)(1)(A) requires only a practical probability that the evidence supports a finding that the defendant has committed a crime while on bail." (internal quotation marks and citation omitted)). There is probable cause that the defendant has committed at least two additional federal crimes.

*First*, there is probable cause that the defendant's communications with Case Agent-1 constitute witness tampering. Section 1512(b)(1) prohibits knowingly "us[ing] intimidation, threats, or corruptly persuad[ing] another person, or attempt[ing] to do so," "with intent to influence . . . the testimony of any person in an official proceeding." Case Agent-1 is a potential witness in this case. (*See* Dkt. 28 at 9). The defendant's messages ("Are you going to be on Trial? Trial . . . . Us? [Case Agent-1] [Case Agent-1]") plainly demonstrate her knowledge of that fact, and the Complaint filed against the defendant makes plain that much of the evidence as to multiple counts would come from the testimony of an FBI agent. (*See* Dkt. No. 1 ¶¶ 9-10). And her aggressive, offensive messages to Case Agent-1, with their explicit references to the trial, purported "mistakes" in the discovery, the prosecutors in this case, and the possibility of her

deportation from the United States following trial, indisputably seek to influence Case Agent-1 in connection with his anticipated trial testimony. That conclusion is bolstered by the defendant's numerous prior instances of harassment of Case Agent-1 in violation of the Court's orders.

*Second*, there is probable cause that the defendant's conduct toward Case Agent-1 constitutes cyberstalking. Section 2261A(2)(B) prohibits using an "electronic communication service," with the intent to "harass" or "intimidate" another person, to engage in a course of conduct that attempts to cause "substantial emotional distress." The defendant's monthslong—and escalating—campaign against Case Agent-1 has included public posts about him on social media, an unwanted and unexpected confrontation on the street, implicit threats to harm his reputation and career, profane and sexually aggressive remarks, and numerous other forms of disparagement and personal attacks.

Accordingly, the defendant's conduct satisfies the first step of the inquiry under Section 3141(b)(1).

### C. No Condition or Set of Conditions Is Sufficient

There is also an exceedingly strong basis for this Court to find by a preponderance of the evidence that either subsection of Section 3148(b)(2) is met— that no set of conditions will assure that the defendant will not flee or pose a danger to the community *or* that the defendant is unlikely to abide by any condition or combination of conditions of release.

To start, because there is probable cause to believe that the defendant has committed federal felonies while on pre-trial release, there is a rebuttable presumption "that no condition or combination of conditions will assure that [she] will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2). The defendant cannot overcome that presumption here. Obstruction of justice and related offenses—even without violence or threat of violence—have long "been a traditional ground for pretrial detention." *LaFontaine*, 210 F.3d at 134. Moreover, as the Second Circuit has observed, detention is "even more justified in cases of violations related to the trial process." *Id.* Indeed, witness tampering bears directly on the defendant's risk of danger to the community. *LaFontaine*, 210 F.3d at 134-35 ("[O]bstruction of justice by a white-collar criminal, even where it does not involve violence or threat of violence, may support a finding of danger to the community."); *see also, e.g.*, *United States v. Gulkarov*, 22 Cr. 20 (PGG), 2022 WL 205252, at *2 (S.D.N.Y. Jan. 24, 2022) (explaining that a risk that the defendant will "will obstruct or attempt to obstruct" justice is considered by courts as a potential danger to the community); *United States v. Stein*, 05 Cr. 888 (LAK), 2005 WL 8157371, at *2 (S.D.N.Y. Nov. 14, 2005) ("[N]onviolent witness tampering and obstruction poses a danger to the community.").

The defendant's pattern of flouting the Court's orders and harassing Case Agent-1 demonstrates that she is "unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Her misconduct continued after the Court's order and warning to her in July 2025. And it continued after the Court, in September 2025, advised her that she had been given a "final chance," and after she "promise[d]" the Court that she would not resume her illegal conduct. Thus, there is "a *serious* risk of obstruction in the future," and detention is

appropriate because no court-imposed conditions can reasonably protect from that risk. *United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009); *see also United States v. Bellomo*, 944 F. Supp. 1160, 1167 (S.D.N.Y. 1996) (ordering detention where the "proposed supervision would be inadequate, and the proposed electronic surveillance could be circumvented"); *United States v. Marcial*, No. 22 Cr. 208 (AT), 2022 WL 5110601, at *4 (S.D.N.Y. Oct. 4, 2022) (affirming magistrate judge's revocation of pretrial release and detention order based in part on the defendant's "repeated[] . . . violations in the five months since his release").

### IV.   Conclusion

For the foregoing reasons, the Government respectfully requests that the Court revoke the defendant's bail and issue an order of detention.

Respectfully Submitted,

JAY CLAYTON
United States Attorney

by: _____/s/_____
Sarah L. Kushner / David J. Robles / Henry L. Ross
Assistant United States Attorneys
(212) 637-2676

cc: Kristoff Williams, Esq. (by ECF)